**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0001095
14-AUG-2013
09:48 AM**

NO. CAAP-11-0001095

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ANGSTER EDWARD, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CIVIL CASE NO. 1SD11-1-4)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Fujise and Leonard, JJ.)

In a post-conviction special prisoner proceeding, Petitioner-Appellant Angster Edward (Edward) appeals from the November 29, 2011 "Order Denying Motion for Reconsideration of Order Denying Rule 40 Petition" entered in District Court of the First Circuit[1] (district court), denying reconsideration of his Hawai'i Rules of Penal Procedure Rule 40 petition (Rule 40 Petition) for post-conviction relief from a judgment of conviction for sexual assault in the fourth decree.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Edward's appeal is without merit.

---

[1]  The Honorable Clarence A. Pacarro presided.

Edward based his motion for reconsideration on his argument the court taking his plea did not adequately inform him of the possible immigration consequences of his plea.

When the district court entertained Edward's no contest plea on December 8, 2010, the following colloquy occurred:

> THE COURT: Now, if you're not a U.S. citizen, some pleas might affect your stay in the country. You might be deported, detained, denied naturalization, denied entry into the country.
>
> So, Mr. Edward, have you understood everything so far?
>
> THE DEFENDANT: Yeah.

Hawaii Revised Statutes (HRS) § 802E-2 (1993) provides:

> **§ 802E-2 Court advisement concerning alien status required.** Prior to acceptance of a plea of guilty or nolo contendere to any offense punishable as a crime under state law, except offenses designated as infractions under state law, the court shall administer the following advisement on the record to the defendant:
>
> If you are not a citizen of the United States, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.
>
> Upon request, the court shall allow the defendant additional time to consider the appropriateness of the plea in light of the advisement as described in this section.

Edward contends the district court did not comply with HRS § 802E-2 because the court advised Edward that "some pleas" might affect his stay in the country as opposed to the language in HRS § 802E-2, stating "the conviction of the offense for which you have been charged may have . . . consequences[.]"

> The majority of states with statutes similar to HRS chapter 802E require substantial, not literal, compliance with the statutory advisement requirement. See, e.g., State v. Malcolm, 257 Conn. 653, 778 A.2d 134, 139 (2001); Slytman v. United States, 804 A.2d 1113, 1116 (D.C. 2002); State v. Francis, 104 Ohio St.3d 490, 820 N.E.2d 355, 363 (2004); Machado v. State, 839 A.2d 509, 513 (R.I. 2003). These courts hold that although verbatim recitation of the statutory advisement is preferable, the denial of a defendant's guilty or nolo contendere plea will be upheld on appeal as long as the defendant is substantially informed of the three specific immigration consequences of (1) deportation, (2) exclusion, and (3) denial of naturalization.

State v. Sorino, 108 Hawai'i 115, 124, 117 P.3d 847, 856 (Haw. App. 2005) (Watanabe, Acting C.J., concurring and dissenting).

We conclude Chapter 802E (1993) requires substantial, not literal, compliance with the requirement of advising the defendant in accordance with HRS § 802E-2. When interpreting statutes, this court's "foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. And we must read statutory language in the context of the entire statute and construe it in a manner consistent with its purpose." Silva v. City & Cnty. of Honolulu, 115 Hawai'i 1, 6, 165 P.3d 247, 252 (2007) (citation omitted). The purpose of chapter 802E is reflected in HRS § 802E-1 (1993), which states that, in cases in which a conviction

> is grounds for deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States. . . . [I]t is the intent of the legislature in enacting this section to promote fairness to such accused individuals by requiring in such cases that acceptance of a guilty plea or plea of nolo contendere be preceded by an appropriate warning of the special consequences for such a defendant which may result from the plea.

The purpose of the statute is to ensure that the defendant is advised of those consequences prior to entering a plea, and as long as those consequences are sufficiently addressed, the purpose of the statute is accomplished. Put another way, there is nothing in section 802E-1 that suggests that any deviation from the text of 802E-2 requires that the judgment be vacated.

The district court's advisement to Edward substantially complied with HRS § 802E-2 because the court explicitly warned Edward of the possible immigration and naturalization consequences of his plea. The district court expressly warned Edward he "might be deported, detained, denied naturalization, denied entry into the country." It was clear this advisement was given to Edward because of the plea he was entering.

Therefore,

IT IS HEREBY ORDERED that the November 29, 2011 "Order Denying Motion for Reconsideration of Order Denying Rule 40 Petition" entered in District Court of the First Circuit is affirmed.

DATED:   Honolulu, Hawai'i, August 14, 2013.

On the briefs:

Harrison L. Kiehm
for Petitioner-Appellant.

Loren J. Thomas
Deputy Prosecuting Attorney,
City and County of Honolulu
for Respondent-Appellee.

Presiding Judge

Associate Judge

Associate Judge